**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 1:15-cv-2376-CMA-CBS

GARRETT P. FIRESTONE, individually and
on behalf of all others similarly situated,

     Plaintiff,

v.

FANDUEL, INC. and DRAFTKINGS, INC.,

     Defendants.

**ORDER GRANTING UNOPPOSED MOTION FOR STAY PENDING ACTION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

This matter is before the Court on the Defendants' Unopposed Motion to Stay Proceedings.  (Doc. # 10.)  The instant Motion requests that the Court stay the proceedings and deadlines in this matter, pending resolution by the Judicial Panel on Multidistrict Litigation of a motion for consolidation and transfer filed pursuant to 28 U.S.C. § 1407.[1]

---

[1] 28 U.S.C.A. § 1407(a) provides in relevant part that

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings.  Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.  Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated.

The instant lawsuit was filed on October 26, 2015, and is one of dozens[2] of putative class actions lawsuits brought against FanDuel, Inc. (FanDuel) and DraftKings, Inc. (DraftKings), alleging that FanDuel allowed DraftKings' employees to play daily fantasy sports on FanDuel's website (and vice versa), using purportedly material, non-public information (i.e., "inside information") that those employees accessed as a result of their employment ("daily fantasy sports cases"). On October 15, 2015, a plaintiff in one of these cases filed a motion with the JPML, seeking transfer of the daily fantasy sports cases to the United States District Court for the District of New York, pursuant to 28 U.S.C. § 1407. *See In re: Daily Fantasy Sports Marketing and Sales Practices Litigation*, MDL No. 2677 (Doc. # 14-1.) On October 17 and 18, 2015, two more motions were filed seeking similar relief. *See In re: DraftKings, Inc., Fantasy Sports Litigation*, MDL No. 2678; *In re: FanDuel, Inc., Fantasy Sports Litigation*, MDL No. 2679 (Doc ## 14-2, 14-3.) In its Response to one of these motions, DraftKings identified the instant case as one which should be considered for consolidation.[3] The JPML has scheduled these motions for transfer for a hearing on January 28, 2016. (Doc. # 14-4.)

Rule 2.1(d) of the Rules of the Judicial Panel on Multidistrict Litigation provides in relevant part that

> The pendency of a motion, . . . before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court. An order to transfer or remand pursuant to 28

---

[2] Defendants note that they have identified over fifty cases pending across the country asserting claims related to DraftKings' and FanDuel's daily fantasy sports contests. (*See* Doc. ##10 at 3; 14.)

[3] Defendants did not provide a copy of this response to the Court.

U.S.C. § 1407 shall be effective only upon its filing with the clerk of the transferee district court.

Accordingly, the pendency of a motion to transfer before the JPML does not divest a court of jurisdiction over a case, nor should a court automatically enter a stay merely because a party has filed such a motion.  *See* Manual For Complex Litigation (Fourth) § 22.35.  Rather, the power of a court to stay proceedings rests within its sound discretion, and is "incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).  Relevant considerations in determining whether such a motion should be granted include the hardship to the moving party should the case proceed; the potential prejudice to the non-moving party; whether the actions involve the same or similar parties; the similarity of issues; and judicial economy.  *Rivers,* 980 F. Supp. At 1360.

Additionally, stays of civil actions are quite common when the issue of transfer is before the JPML. *See, e.g., id.* ("A majority of courts have concluded that it is appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL panel because of the judicial resources that would be saved."); 15 Charles Alan Wright & Arthur R. Miller, Federal Practice And Procedure § 3866.1 ("[D]istrict courts will often exercise their discretionary power to stay the proceedings before them . . . pending a decision by the panel regarding the transfer of a case, especially when such a stay would further the policies of judicial economy,

3

efficiency, and consistency that are deeply embedded in the federal multidistrict litigation statute.").

Applying these standards to the instant case, Plaintiffs' allegations are very similar – if not identical to – the allegations raised in the other daily fantasy sports cases brought against FanDuel and DraftKings. (*See* Doc. # 14-1, ¶ 6.) Moreover, Plaintiff does not oppose Defendants' request for a stay and very little litigation activity has occurred at this juncture (specifically, no dispositive motions have been filed, and the scheduling conference has not yet occurred). Accordingly, the Court concludes that staying the case would not prejudice Plaintiff's claim. Additionally, a stay will avoid duplicative discovery efforts, unnecessary expenditures of both the parties' resources as well as the resources of the judiciary, and maximize judicial economy among the courts. Indeed, another district court recently entered a stay in a very similar matter against these Defendants for these precise reasons. *See Genchanok v. FanDuel, Inc. & DraftKings, Inc.*, No. 15-cv-05127 (E.D. La. Dec. 15, 2015) (Doc. # 23) (staying litigation against DraftKings and FanDuel pending a determination of the MDL transfer motion because "defendants would face hardship by proceeding in all of [the pending] matters before the JPML has rendered its decision" and because "[d]etermining whether the plaintiffs' claims are subject to arbitration is a matter that would be more efficiently handled by one court if the JPML determines that consolidation and transfer is warranted").

Thus, there being good cause appearing, the Court GRANTS Defendants' Unopposed Motion to Stay Proceedings (Doc. # 10), and ORDERS that this civil action

is now STAYED pending resolution by the JPML of the motions for transfer in *In re: Daily Fantasy Sports Marketing and Sales Practices Litigation*, MDL Nos. 2677, 2678 and 2679.[4]  It is

FURTHER ORDERED that this stay will remain in place until (1) the United States District Court to which the JPML transfers this case enters a scheduling order governing further proceedings, or (2) 30 days after the JPML enters an order denying centralization.  It is

FURTHER ORDERED that this civil action shall be ADMINISTRATIVELY CLOSED by the Clerk of the Court, pursuant to D.C.COLO.LCivR 41.2, with leave to be reopened in the event that the JPML enters an order denying centralization.  It is

FURTHER ORDERED that the Defendants shall provide the Court with timely notice of any decision by the JMPL regarding the transfer of the instant matter.

DATED:  December 29, 2015

                                                                                       BY THE COURT:

                                                                                       _____
                                                                                       CHRISTINE M. ARGUELLO
                                                                                       United States District Judge

---

[4] The Court anticipates that these Motions will be resolved by the JPML at the same time, given that they are all scheduled for hearing on the same date (Doc. # 14-4 at 1); if they are not, the stay will remain in place until the relevant motion resolving the transfer of this case is decided.